**STATE OF LOUISIANA**      \*      **NO. 2023-K-0817**

**VERSUS**      \*      **COURT OF APPEAL**

**LEONARD PATTY**      \*      **FOURTH CIRCUIT**

     \*      **STATE OF LOUISIANA**

     \*

     \*

**\* \* \* \* \* \* \***

KKH

**HERMAN, J. DISSENTS WITH REASONS**

I believe that the writ application should be granted and the trial court's ruling on the motion to suppress statement be reversed. My review of the video recording of the defendant's statement shows: the defendant expressed his concern that the State may twist his words if he did not have an attorney present; the detective advised the defendant that he did not have to speak with her; and that the defendant continued to speak with the detective. I find the defendant's reference to an attorney is not an unambiguous request for counsel. *See State v. Genter*, 2003-1987, p. 36 (La. App. 4 Cir. 4/7/04), 872 So.2d 552, 571 (finding that the defendant's statement "I already told you everything and if this is gonna [sic] continue I'll just wait for a lawyer" was not an "unequivocal invocation of his right to counsel"). Moreover, I find that because the defendant initiated additional communication with the detective, he was subject to further questioning. *State v. Payne*, 2001-3196, pp. 8-9 (La. 12/4/02), 833 So. 2d 927, 935 (citing *Edwards v. Arizona*, 451 U.S. 477, 484-485,101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981) and stating an accused "is not subject to further interrogation by the authorities until counsel has been made available to him, *unless the accused himself initiates further communication, exchanges or conversations with the police*") (emphasis

added). Accordingly, I find that the trial court erred in granting the motion to suppress statement and would grant the State's writ application.